JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
CRAIG DOUGHTY

**DEFENDANTS**
Attorney General Jefferson B. Sessions, III;
United States Department of Justice - Bureau of Prisons

**(b)** County of Residence of First Listed Plaintiff New Castle Co., DE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Washington, D.C.
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Peter H. Demkovitz
Suite 2020 123 South Broad Street
Philadelphia, PA 19109

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991

Brief description of cause:
Discrimination and retaliation for having invoked rights under Title VII

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE
12/12/2017

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

**MARKOWITZ & RICHMAN**
**By: Peter H. Demkovitz, Esq. 75319**
**Suite 2020**
**123 South Broad Street**
**Philadelphia, PA 19109**
**(215) 875-3100**
**Attorneys for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CRAIG DOUGHTY,**<br>**13 Yorkridge Trail**<br>**Hockessin, DE 19707**<br><br>**Plaintiff**<br><br>**v.**<br><br>**ATTORNEY GENERAL**<br>**JEFFERSON B. SESSOINS, III**<br><br>**and**<br><br>**THE DEPARTMENT OF JUSTICE**<br>**(FEDERAL BUREAU OF PRISONS)**<br>**950 Pennsylvania Ave. N.W.**<br>**Washington, D.C. 20530**<br><br>**Defendants** | **CIVIL ACTION NO.**<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is a case in which the Department of Justice Federal Bureau of Prisons ("Agency") discriminated against the Complainant, Craig T. Doughty ("Doughty") in violation of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.* More specifically, the Agency unlawfully denied Doughty a number of promotions and created a hostile work environment in retaliation for his having invoked his right to a non-discriminatory workplace, all on account of his race (White) and in retaliation for his EEO activity.

## II. JURISDICTION AND VENUE

1. The cause of action set forth herein arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), The District Court has jurisdiction over the cause of action under 28 U.S.C. §§ 1331 and 1343 and the First Amendment to the United States Constitution.

2. Venue is proper under 28 U.S.C. § 1391(b) in as much as all the causes of action arose in the District of New Jersey.

## III. PARTIES

3. Plaintiff, Craig Doughty, is a White male who served as a Special Investigative Technician at the Federal Correction Institution in Fairton, New Jersey. Plaintiff resides at 13 Yorkridge Trail, Hockessin, DE 19707.

4. Plaintiff was at all relevant times an employee as defined under Title VII working for the Department of Justice Bureau of Prisons.

5. Defendant Attorney General Jeffrey B. Sessions, III is the Attorney General of the United States being sued in his official capacity.

6. Defendant Department of Justice ("DOJ") is a department of the Executive Branch of the United States Government. The Federal Bureau of Prisons ("BOP") is a component of defendant DOJ. Defendant DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

7. At all times material hereto, Defendants employed in excess of five hundred (500) employees, including, at pertinent times, Plaintiff.

8. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9. Plaintiff comes within the protection of Title VII for claims of race-based discrimination. Plaintiff is White.

## IV. ADMINISTRATIVE PROCEDURES

10. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Office of the Complaint Adjudication Office of the United States Department of Justice (hereinafter the "agency"). On December 29, 2015, The Agency Complaint Number is BOP-2016-0148 and DJ Number 187-3-4189

11. On or about September 11, 2017, a Notice of a Right to Sue was mailed to Plaintiff. (See attached). Commencement of this action is within ninety (90) days of receipt of this letter.

## V. FACTUAL ALLEGATIONS

12. Plaintiff was a GS-9 Budget Analyst for BOP at the Federal Correctional Institution, Fairton, New Jersey ("FCI").

13. In January 2014 Complainant filed an EEO complaint against the Agency

alleging discrimination and harassment based upon race.

14. The initial complaint named Captain Morales and Lieutenant Keith Hampton as harassing Complainant. Both were close friends of Assistant Warden Lamine N'Diaye. The former is Hispanic and the latter two are African American.

15. The Agency refused to timely pay Complainant for overtime worked,

16. The Agency engaged in a series of harassing behavior, including but not limited to, changing Complainant's desk and then taunting him about the move; singling Complainant out for a schedule change to have him work evening shift); assigning him bus duty and replacing him on the Disturbance Control Team despite the fact that he was experienced and had been acting Lieutenant.

17. Plaintiff filed a Complaint of discrimination against the Agency. The Agency's final determination is pending.

18. On or about October 21, 2015, Plaintiff learned that he was passed over for the position of a GS-9 Lieutenant at FCI for which he applied.

19. The Agency selected Salvatore Rodio for the position of Lieutenant, despite his having ten fewer years of experience than Plaintiff, and despite the fact that Plaintiff had often been Acting Lieutenant in the past.

20. Associate Warden Lamine N'Diaye selected Rodio over Plaintiff in retaliation for Plaintiff's having filed a complaint of discrimination and having invoked his federally protected rights under Title VII.

## VI. COUNT I
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e et seq.

21. Plaintiff incorporates paragraphs 1 through 20 as if fully set forth herein.

22. Defendant Philadelphia has discriminated against Plaintiff by denying him the same rights enjoyed by non-White employees with respect to the terms and conditions of his employment relationship in violation of Title VII and discriminated and retaliating against Plaintiff for his having participated in EEO complaints and investigations.

23. Plaintiff was subject to harassment and retaliations by and through the agents and supervisors of Defendants

24. Defendants actions were willful and malicious.

25. As a consequence of Defendant's actions and omissions as described herein, Plaintiff has suffered substantial benefits of employment, embarrassment, humiliation, mental pain and emotional distress.

WHEREFORE, Plaintiff l respectfully requests this Court to assume jurisdiction and to enter a judgment in favor of Plaintiff and against Defendant:

(a) Declaring the acts and practices complained of herein to be in violation of Title VII;

(b) Enjoining and restraining permanently the violations alleged herein;

(c) Awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of defendants' improper conduct;

(d) Awarding compensatory damages to Plaintiff for past and future pain and

suffering, emotional upset, mental anguish, humiliation, loss of life's pleasures and damage to reputation;

(g) Awarding Plaintiff costs of this action, together with reasonable attorney's fees and experts' fees

(h) Granting such other and further relief as the Court deems appropriate.

MARKOWITZ & RICHMAN

BY: ______________________________

PETER H. DEMKOVITZ
Attorneys for Plaintiff,
Craig Doughty

DATED: December 12, 2017

U.S. Department of Justice

Complaint Adjudication Office

Agency Complaint Number BOP-2016-0148
DJ Number 187-3-4189

*950 Pennsylvania Avenue, N.W.*
*Patrick Henry Building, Room A4810*
*Washington, DC 20530*

Mr. Craig Doughty
13 Yorkridge Trail
Hockessin, DE 19707

SEP 12 2017

Dear Mr. Doughty:

This is in reference to the discrimination complaint that you filed against the Federal Bureau of Prisons. Under the Department of Justice's equal employment opportunity regulations, the Complaint Adjudication Officer renders the final Department of Justice decision on your complaint. Enclosed is the final Department of Justice decision.

Rights of Appeal

First, you have the right to appeal any part of the decision to the Equal Employment Opportunity Commission (EEOC). You may do so by filing your appeal within 30 days of the date you receive this decision. If you are represented by an attorney of record, the 30-day appeal period shall begin to run the day your attorney receives this decision. The appeal must be in writing. The Commission prefers that you use EEOC Form 573, Notice of Appeal/Petition, a copy of which is attached, to appeal this decision. The notice of appeal should be sent to Carlton Haddon, Director, Office of Federal Operations, EEOC, Post Office Box 77960, Washington, D.C., 20013, by mail, personal delivery, or facsimile. You must also send a copy of your notice of appeal to Mina Raskin, 320 First St. NW, Room 936, Washington, DC 20530. You must state the date and method by which you sent the copy of your notice to Ms. Raskin either on, or attached to, the notice of appeal you mail to the EEOC.

Second, you have the right to file a civil action in the appropriate United States District Court within 90 days of the date you receive this decision. In filing your federal complaint, you should name Attorney General Jefferson B. Sessions, III as the defendant. Even if you appeal this decision to the EEOC, you still have the right to go to federal

court. You may file a civil action in the United States District Court within 90 days of the day you receive the Commission's final decision on your appeal, or after 180 days from the date you filed your appeal with the Commission, if the Commission has not made a final decision by that time.

If you cannot afford to file a civil action, you can ask the court to allow you to file the action at no cost to you. The court may also provide you with an attorney if you cannot afford to hire one to represent you in your civil action. Questions concerning when and how to file a waiver of costs should be directed to your attorney or the District Court clerk.

Sincerely,

Robert K. Abraham
Acting Complaint Adjudication Officer

cc: Richard Toscano
Mina Raskin

Peter H. Demkovitz
123 South Broad St.
Suite 2020
Philadelphia, PA 19109